UNION TOWNSHIP *v.* CITY OF MOUNT PLEASANT.

1. TOWNSHIPS—PUBLIC UTILITIES—MAINTENANCE AND CONTROL OF HIGHWAYS.

   A township is given the right by the Constitution to control the use of highways and public places by public utility in erection and maintenance of utility facilities, and township was not divested of such right by former statute providing for construction and maintenance of township roads by county road commission (Const 1963, art 7, § 29; CL 1948, § 247.1 *et seq.*, §§ 247.183, 247.184).

2. SAME—PUBLIC UTILITIES—MAINTENANCE AND CONTROL OF HIGHWAYS.

   A township, while divested of its responsibility to construct, improve, and maintain township highways by statute giving that responsibility to the county road commission, is not divested by Constitution or statutes of its right to control use of highways and public places by a public utility in erection and maintenance of poles, wires, pipes, and conduits in the township in connection with the utility's business (Const 1963, art 7, §§ 16, 29; CL 1948, §§ 247.183, 247.184).

3. CONSTITUTIONAL LAW—TOWNSHIPS—PUBLIC UTILITIES.

   Constitutional provision forbidding a public utility the right to use highways, streets, and public places of a township for its poles, wires, pipes, and conduits without consent of the township is a reservation of such regulatory power in all matters except as provided by the Constitution itself, and the constitutional provision empowering the legislature to authorize

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 25 Am Jur, Highways §§ 254, 255; 43 Am Jur, Public Utilities and Services § 10; 52 Am Jur, Towns and Townships §§ 24, 25.

[4, 5, 7] 43 Am Jur, Public Utilities and Services § 10.

[6] 43 Am Jur, Public Utilities and Services § 10; 50 Am Jur, Statutes § 223; 52 Am Jur, Towns and Townships §§ 24, 25.

[8] 5 Am Jur 2d, Appeal and Error § 1009,

county road commission to take charge of the laying out, construction, improvement, and maintenance of highways in the township does not divest the township of control of its highways and public places for all other purposes; hence, consent of the township is necessary for construction of public utility facilities within the boundaries of a highway in the township (Const 1963, art 7, §§ 16, 29).

4. TOWNSHIPS—PUBLIC UTILITIES—STATUTES.

Statute providing that public utility must obtain the consent of county road commission before it can erect poles, wires, pipes, and conduits over and under county roads does not obviate necessity for obtaining like consent of township, and consent must be obtained from the township before construction of such facilities by the public utility (CL 1948, §§ 247-.183, 247.184).

5. SAME—COUNTIES—PUBLIC UTILITIES—CONTROL OF HIGHWAYS.

Consent of both county and township is necessary where a public utility wishes to use the right-of-way for construction and maintenance of its business facilities in a highway maintained by the county road commission within a township (Const 1963, art 7, § 29; CL 1948, § 247.183).

6. STATUTES—TOWNSHIPS—PUBLIC UTILITIES.

Legislative intent is that townships retain their right of reasonable control over utility use of public roads passing through their territory (CL 1948, §§ 247.183, 247.184).

7. PUBLIC UTILITIES—RIGHT-OF-WAY—HIGHWAYS.

Consent of county or township for the use of highway right-of-way for public utility facilities cannot be refused arbitrarily and unreasonably.

8. COSTS—TOWNSHIPS—PUBLIC UTILITIES.

No costs are allowed in action concerning consent of township for use of highway right-of-way for public utility facilities, a public question being involved (CL 1948, §§ 247.183, 247-.184).

Appeal from Court of Appeals order of June 28, 1967 (No. 3,896), Holbrook, P. J., and Burns and T. G. Kavanagh, JJ., dissolving preliminary injunction from Isabella, Campbell (Robert H.), J. Submitted April 2, 1968. (Calendar No. 3, Docket No. 51,845.) Decided June 10, 1968.

Complaint by Union Township, Isabella County, a municipal corporation, against City of Mount Pleasant, a municipal corporation, to enjoin city from laying water pipelines in the township. Preliminary injunction issued, dissolved by Court of Appeals order. Plaintiff appeals. Reversed and remanded for reinstatement of injunction.

*Fortino, Plaxton & Moskal,* for plaintiff.

*Lynch, Gallagher, Lynch & Kerr,* for defendant.

SOURIS, J. The defendant city's source of water is located on city-owned land in the plaintiff township. A single water pipeline connects the city to its water source. Desiring to construct another pipeline to its water source, the city obtained permission from the Isabella county road commission to lay the line within the right-of-way of Broomfield road, an Isabella county road which runs through the township, but the city did not obtain the township's permission. After construction of the pipeline was commenced, plaintiff township filed suit in circuit court and, on its contemporaneously filed motion, an *ex parte* restraining order and order to show cause were issued. Upon the hearing of the order to show cause, the circuit judge concluded that article 7, § 29 of our Constitution required that the township's permission be secured before the city proceeded to lay its pipeline within the township along the right-of-way of the county road. A preliminary injunction thereupon was issued.

The Court of Appeals granted the city an emergency appeal and, after oral argument by counsel, that Court dissolved the preliminary injunction by unpublished order, the pertinent substance of which

is set forth in the footnote.[1]  Considering the finality
of the actions taken by the circuit judge and the
Court of Appeals and considering the importance to
township government of the rights here asserted by
the township, we granted the plaintiff township's
application for leave to appeal to this Court.  379
Mich 776.  For reasons to be stated, we reverse and
remand for reinstatement of the injunction.

Both parties, as well as both courts below, have
proceeded upon conflicting interpretations of article
7, § 29.  It reads as follows:

"No person, partnership, association or corpora-
tion, public or private, operating a public utility shall
have the right to the use of the highways, streets, al-
leys or other public places of any county, township,
city or village for wires, poles, pipes, tracks, conduits
or other utility facilities, without the consent of the
duly constituted authority of the county, township,
city or village; or to transact local business therein
without first obtaining a franchise from the town-
ship, city or village.  Except as otherwise provided
in this constitution the right of all counties, town-
ships, cities and villages to the reasonable control of
their highways, streets, alleys and public places is
hereby reserved to such local units of government."

---

[1] "This order is based upon our determination that the provisions
of article 7, § 29, of the Constitution of 1963, which reads:

" 'No person, partnership, association or corporation, public or
private, operating a public utility shall have the right to the use
of the highways, streets, alleys or other public places of any county,
township, city or village for wires, poles, pipes, tracks, conduits or
other utility facilities, without the consent of the duly constituted
authority of the county, township, city or village; or to transact
local business therein without first obtaining a franchise from the
township, city or village.  Except as otherwise provided in this con-
stitution the right of all counties, townships, cities and villages to
the reasonable control of their highways, streets, alleys and public
places is hereby reserved to such local units of government.'
when read in conjunction with P.A. 1925, No 368, § 14 (CL 1948,
§ 247.184 [Stat Ann 1958 Rev § 9.264]) requires simply that the
consent for the construction of the pipeline in question be obtained
from the Isabella county road commission, which was obtained in
this case."

The city's contention is that, since implementation of the McNitt act,[2] there no longer are any township roads as such, all township roads having been taken over by county road commissions and, therefore, that article 7, § 29 grants no power to the plaintiff township to approve or disapprove of defendant's pipeline construction wholly within the right-of-way of a road which is a county road and not any part of "the highways, streets, alleys or other public places of [the] * * * township."

The township's contention, on the other hand, is that the McNitt act provided for the transfer from the townships to county road commissions of responsibility for laying out, construction, improvement and maintenance of township roads, but in all other respects, it is claimed, the roads remain subject to control by the township—for example, for regulation of their use by public utilities and by others for the conduct of businesses. The township reads article 7, § 29 as a reservation of such regulatory power to the townships in all such matters except as otherwise provided by the Constitution itself.[3] Thus, the township argues that while its roads may now be county roads for some purposes, they still are township roads for other purposes including that of article 7, § 29's requirement of the township's consent, as well

---

[2] PA 1931, No 130 (CL 1948, § 247.1 *et seq.* [Stat Ann § 9.141 *et seq.*]), repealed by PA 1951, No 51 (CLS 1961, § 247.651 *et seq.* [Stat Ann 1958 Rev § 9.1097(1) *et seq.*]).

[3] See Const 1963, art 7, § 16, which reads:

"The legislature may provide for the laying out, construction, improvement and maintenance of highways, bridges, culverts and airports by the state and by the counties and townships thereof; and may authorize counties to take charge and control of any highway within their limits for such purposes. The legislature may provide the powers and duties of counties in relation to highways, bridges, culverts and airports; may provide for county road commissioners to be appointed or elected, with powers and duties provided by law. The ad valorem property tax imposed for road purposes by any county shall not exceed in any year one-half of one percent of the assessed valuation for the preceding year."

as the county's, when any public utility seeks to use such roads for its facilities.

It is our judgment that the township's interpretation of the Constitution is correct and that the legislature had so provided by sections 13 and 14 of PA 1925, No 368,[4] even before adoption of our current Constitution. Sections 13 and 14 of the statute read as follows:

"Telegraph, telephone, power and other public utility companies and municipalities are authorized to enter upon, construct and maintain telegraph, telephone or power lines, pipe lines, wires, cables, poles, conduits, sewers and like structures upon, over, across, or under any public road, bridge, street or public place and across or under any of the waters in this state, with all necessary erections and fixtures therefor: Provided, That every such telegraph, telephone, power and other public utility company and municipality, before any of the work of such construction and erection shall be commenced, shall first obtain the consent of the duly constituted authorities of the city, village, or township through or along which said lines and poles are to be constructed and erected." CL 1948, § 247.183 (Stat Ann 1958 Rev § 9.263).

"In case it is proposed to construct a telegraph, telephone or power line, pipe lines, wires, cables, poles, conduits, sewers, or like structures upon, over or under a county road or bridge, the consent of the board of county road commissioners shall be obtained before the work of such construction shall be commenced; and in case it is proposed to construct a telegraph, telephone or power line, pipe line, wires, cables, poles, conduits, sewers or like structures, upon, over or under a state trunk line highway, or upon, over or under any bridge that the state has participated in constructing, the consent of the state

---

[4] CL 1948, §§ 247.183 and 247.184 (Stat Ann 1958 Rev §§ 9.263 and 9.264).

highway commissioner shall be obtained before the work of such construction shall be commenced." CL 1948, § 247.184 (Stat Ann 1958 Rev § 9.264).

Defendant's counsel urges us to read the two statutory sections as mutually exclusive, that is to say, that when the county's consent is required by section 14, the township's consent otherwise required by section 13 need not be obtained. His argument is that, when first introduced in the House in 1925, the two sections were expressly linked in tandem, section 14 providing that "the consent of the board of county road commissioners shall *also* be obtained before the work of such construction shall be commenced";[5] that, because of the Senate's objection, the word "also" was deleted from section 14 before the bill's ultimate enactment; and, thus, that the legislature clearly manifested its intent that consent from both township and county not be required. The trouble with defendant's argument is that, if it be correct, the two sections are in conflict and the statute does not provide, in such circumstances, which of the conflicting sections should prevail.

As we read these two statutory sections, enacted under our 1908 Constitution, the consents of the township and the county are required when a public utility seeks to construct a pipeline within a county road running through a township. When Act No 368 was enacted, article 8, § 28 of our Constitution of 1908[6] clearly required only the township's consent in

---

[5] House Bill 396, House file No 259, 1925 Regular Session. [Senate Journal, 1925, p 858; House Journal, 1925, p 1162.—REPORTER.]

[6] "No person, partnership, association or corporation operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any city, village or township for wires, poles, pipes, tracks or conduits, without the consent of the duly constituted authorities of such city, village or township; nor to transact a local business therein without first obtaining a franchise therefor from such city, village or township. The right of all cities, villages and townships to the reasonable control of their streets, alleys and public places is hereby reserved to such cities, villages and townships." Const 1908, art 8, § 28.

such circumstances. Section 13 of the act similarly clearly implemented that constitutional requirement.. Section 14 of the statute, in addition, however, required the county's consent when public utilities were constructed within county roads or on county bridges, a consent not required by the Constitution of 1908, but within the competence of the legislature then to require by law. These statutory provisions have remained unchanged since their enactment in 1925, notwithstanding the 1963 Constitution's[7] addition of counties to the governmental units whose consent must be obtained. Thus, today, our Constitution of 1963 and Act No 368 both require the county's consent as well as the township's consent in such circumstances as are presented by this case.

It is significant to our decision that the statute requires consent of both governmental units, that section 13 is not limited to *township* roads, et cetera, but, rather, speaks in more general language of "public" roads in the city, village or township through or along which said pipelines, et cetera, are to be constructed. We construe this to mean any public road, including a county road and a State highway, thus manifesting the legislature's intent that townships, for example, retain[8] their right of reasonable control over utility use of public roads passing through their territory, considering the inconvenience to

For our purposes, the only significant change made in this language by its current counterpart, art 7, § 29, Const of 1963, is the addition of the word "county" to the list of governmental units whose consent is required. See text of art 7, § 29, *supra,* in body of this opinion.

[7] See the text of art 7, § 29 set forth in the forepart of this opinion and see, also, the concluding paragraph of footnote 6, *supra.*

[8] The concluding sentence of section 15 of PA 1925, No 368, reads:

"Nor shall anything in this or the next 2 sections preceding be construed to grant any rights whatsoever to any public utilities whatsoever, nor to impair anywise any existing rights granted in accordance with the constitution or laws of this State, but shall be construed as a regulation of the exercise of all such rights." CL 1948, § 247.185 (Stat Ann 1958 Rev § 9.265).

township residents and businesses that generally results from construction within the right-of-way of public roads.

The foregoing interpretation of the statutory provisions is entirely consistent with the last sentence of article 7, § 29 of our Constitution of 1963:

"Except as otherwise provided in this Constitution the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government."

That on occasion there may be conflict between the county and township when the consent of both is sought, we do not doubt. However, consent of neither can be refused arbitrarily and unreasonably[9] and we are not inclined to believe that such refusal need be anticipated. In any event, the two statutory provisions, not prohibited by the 1908 Constitution when originally enacted and now affirmatively required by the 1963 Constitution, compel our conclusion that, for failure of the city to obtain the township's consent, the township was entitled to the injunctive relief granted by the circuit judge.

Reversed and remanded. No costs, there being a public question involved.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, O'HARA, ADAMS, and T. E. BRENNAN, JJ., concurred.

---

[9] See *Maybury* v. *Mutual Gas-Light Co.* (1878), 38 Mich 154, 155, and OAG 1926-28, p 103.