CITY OF SOUTH HAVEN v SOUTH HAVEN CHARTER
TOWNSHIP

Docket No. 161942. Submitted November 8, 1993, at Grand Rapids.
Decided March 7, 1994, at 9:20 A.M. Leave to appeal sought.

The City of South Haven brought an action for mandamus in the
Van Buren Circuit Court against South Haven Charter Town-
ship and the South Haven Charter Township Board, seeking to
compel the defendants to consent to the construction of a water
pipeline along a public highway that runs through the town-
ship. The court, William C. Buhl, J., granted the requested writ
of mandamus. The defendants appealed and obtained an order
that stayed enforcement of the writ pending appeal.

The Court of Appeals *held:*

The grant or denial of consent by the defendants to the
proposed construction is a discretionary function under Const
1963, art 7, § 29 and cannot be compelled through mandamus.

Reversed; order granting stay vacated.

MANDAMUS — DISCRETIONARY ACTS.

The discharge of a discretionary function cannot be compelled
through mandamus.

*Scholten & Fant, P.C.* (by *Rodney L. Schermer*),
for the plaintiff.

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by
*Lynda E. Thomsen*), for the defendants.

Before: McDONALD, P.J., and MURPHY and TAY-
LOR, JJ.

TAYLOR, J. The City of South Haven operates a
municipal water system that supplies water to its

REFERENCES
Am Jur 2d, Mandamus §§ 76-79, 128-165.
See ALR Index under Discretionary Function or Duty; Mandamus;
Municipal Corporations.

own residents and to some residents in neighboring South Haven Charter Township, the township being immediately south of the city. The township happens to be situated immediately north of Consumers Power Company's Palisades Nuclear Power Plant in Covert Township.

Consumers Power Company was ordered by the Department of Public Health to improve its potable water supply for the nuclear plant by January 1994. The City of South Haven's water system had excess capacity adequate for that purpose, and so Consumers and the city agreed that the city would construct a pipeline to the Palisades Nuclear Plant along the route of a public right of way, Blue Star Memorial Highway. Consumers would pay the cost of constructing the pipeline, as well as double the rate the city charges its residential customers for water, but the city would own and maintain the pipeline.

Because Blue Star Memorial Highway, along the route of the pipeline, runs through South Haven Charter Township, negotiations were begun in February 1992 between the township and the city, the city's goal being to obtain the township's consent to construction of the pipeline, required in effect by Const 1963, art 7, § 29. When the city and the township were unable to reach agreement, the city commenced this mandamus action in October 1992 to compel the township to consent to its use of the public right of way.

After the first day of trial, the parties stipulated the adjournment of further proceedings until after the township board could take formal action on the city's request for consent at its regularly scheduled November 1992 meeting. At that meeting the township board adopted a resolution granting consent to construction of the pipeline, subject, however, to four conditions: (1) the plans and

specifications of the pipeline would have to be provided to the township for its review contemporaneously with review by the Michigan Department of Public Health, and for approval by the township engineer with regard to whether the design would be consistent with future public utility facilities such as sewers and appurtenances; the township would also reserve a right to increase the size of the water main from the proposed twelve inches to as much as sixteen inches inches in diameter, at its own expense; (2) residents and property owners in South Haven Charter Township would be permitted to connect to the water main in accordance with the terms of a water service agreement previously submitted by the city to the township by letter dated September 9, 1992; (3) residents and property owners of the township would be permitted to connect to the water mains now owned by the City of South Haven or subsequently constructed and located adjacent to or within the township on the same conditions and on the same terms applicable to persons or premises connecting to the water main built to serve the Palisades Nuclear Plant; (4) the city would not demand the right to annex those portions of the township connected to the city's water main.

The city adopted a resolution of its own, declaring the township's resolution "unreasonable, arbitrary, and capricious." Accordingly, trial resumed, at the conclusion of which the Van Buren Circuit Court held that the conditions imposed by the township were arbitrary and unreasonable and granted the writ of mandamus as requested, ordering the township to consent to construction of the pipeline as proposed.

From that ruling, the township timely appealed as of right. By order of March 10, 1993, this Court granted the township's motion for immediate con-

sideration and for a stay pending appeal, and directed expedited submission.

It is clear that the trial court could not issue a writ of mandamus compelling the township to consent to the city's request for permission to extend its water pipeline along Blue Star Memorial Highway. The reason for this is that the granting or denying of consent by the township is discretionary, and a court cannot by mandamus compel a discretionary act. *Delly v Bureau of State Lottery,* 183 Mich App 258, 261; 454 NW2d 141 (1990). In this matter the granting or withholding of consent by the township is a discretionary legislative function, and the township has the right to grant or withhold consent under Const 1963, art 7, § 29, provided the township's decision is not arbitrary and unreasonable. *Union Twp v City of Mt Pleasant,* 381 Mich 82, 90; 158 NW2d 905 (1968).

Reversed, and the stay heretofore granted is vacated.