CITY OF LANSING v STATE OF MICHIGAN

Docket No. 272927. Submitted April 4, 2007, at Lansing. Decided May 8, 2007, at 9:00 a.m.

The city of Lansing brought an action in the Ingham Circuit Court against the state of Michigan and Wolverine Pipe Line Company, seeking a declaration that MCL 247.183(2) is unconstitutional. The action related to Wolverine's plan to construct a liquid-petroleum pipeline longitudinally in a highway right-of-way within the city's boundaries. The city had previously withheld consent for the construction, and the Court of Appeals and the Supreme Court had affirmed that the city's consent was necessary. See *Lansing Mayor v Pub Service Comm*, 257 Mich App 1 (2003), aff'd 470 Mich 154 (2004). Following those opinions, however, the Legislature enacted 2005 PA 103, which removed the consent requirement from MCL 247.183(2). The city argued in this case that the amended statute violated Const 1963, art 7, § 29, and further sought to enjoin Wolverine's use of the city's streets for the construction. The court, James R. Giddings, J., concluded that the Legislature was empowered under Const 1963, art 7, § 22 to eliminate the consent requirements imposed by Const 1963, art 7, § 29 and granted summary disposition for the defendants. The city appealed.

The Court of Appeals *held*:

MCL 247.183, as amended by 2005 PA 103, is not unconstitutional. Const 1963, art 7, § 29 prohibits utilities from using the highways, streets, alleys, and other public places of a county, township, city, or village without the consent of that local unit of government. While this is a grant of authority to local units of government, it is not absolute because consent cannot be refused arbitrarily and unreasonably. And, in order to give effect to the provision, a city must exercise its authority to grant or withhold consent through the city's general power to adopt resolutions and ordinances relating to its municipal concerns. This power to adopt resolutions and ordinances, granted under Const 1963, art 7, § 22, is subject to the constitution and law, and it follows that a city's ability to grant or withhold consent to use its highways and the like is also subject to the constitution and laws. Accordingly, the Legislature has the authority to limit the manner and circum-

stances under which a city may grant or withhold consent under § 29 of article 7 of the constitution. MCL 247.183(2) merely limits local authority to grant or withhold consent to the use of a narrow class of public property by a specific type of utility, and it was a proper exercise of the Legislature's authority.

Affirmed.

1. PUBLIC UTILITIES — MUNICIPAL CORPORATIONS — HIGHWAYS — CONSENT OF LOCAL GOVERNMENTS.

The Legislature has the authority to limit the manner and circumstances under which a city or village may grant or withhold its consent for a utility's use of its highways, streets, alleys, or other public places (Const 1963, art 7, §§ 22, 29).

2. PUBLIC UTILITIES — PIPELINES — MUNICIPAL CORPORATIONS — HIGHWAYS — CONSENT OF LOCAL GOVERNMENTS.

A qualified utility may construct certain utility facilities, including pipelines, longitudinally within limited access highway rights-of-way, and under any public road, street, or other subsurface that intersects a limited access highway at a different grade, without the consent of the governing body of the affected city, village, or township (Const 1963, art 7, §§ 22, 29; MCL 247.183[2]).

*Brigham C. Smith*, City Attorney, and *Margo E. Vroman*, Assistant City Attorney, and *Clark Hill PC* (by *Paul F. Novak*) for the city of Lansing.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *David A. Voges* and *Michael A. Nickerson*, Assistant Attorneys General, for the state of Michigan.

*Dykema Gossett PLLC* (by *Albert Ernst, Christine Mason Soneral*, and *Daniel J. Martin*) for Wolverine Pipe Line Company.

Amici Curiae:

*James A. Ault* for Consumers Energy Company.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *William J. Danhof* and *Jeffrey S. Aronoff*), for the Michigan Municipal League.

Before: SAAD, P.J., and HOEKSTRA and SMOLENSKI, JJ.

SMOLENSKI, J. In this declaratory action, plaintiff city of Lansing appeals as of right the trial court's order granting summary disposition in favor of defendants Wolverine Pipe Line Company and the state of Michigan and denying plaintiff's cross-motion for summary disposition. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 2000, Wolverine filed an application with the Michigan Public Service Commission (PSC), seeking authorization to replace an existing liquid-petroleum pipeline with a new larger diameter pipeline. See PSC Case No. U-12334. After encountering opposition to the proposed replacement, Wolverine agreed to withdraw its plans to replace the portion of the pipeline that ran through Meridian Township. Instead, Wolverine proposed to reroute the pipeline to avoid the disputed area. Under the revised route, a new section of pipeline would be constructed longitudinally in the right-of-way of Interstate Highway 96 (I-96), including a portion of I-96 that runs through plaintiff's municipal boundaries.

In February 2002, Wolverine sought plaintiff's consent to construct the new pipeline within plaintiff's municipal boundaries. In response to this request, plaintiff enacted Resolution No. 423 in August 2002. In Resolution No. 423, plaintiff's city council found that the proposed pipeline (1) would disparately affect minority populations, (2) constituted an unreasonable risk to groundwater and surface water, and (3) constituted an unreasonable risk to persons and property and that (4) the city lacked the resources to mitigate a catastrophic pipeline failure. For these reasons, plaintiff rejected Wolverine's request for consent.

Although Wolverine had not received plaintiff's consent, it nevertheless applied to the PSC for approval of the proposed new section of pipeline. The PSC approved Wolverine's plan over plaintiff's objections in July 2002. See PSC Case No. U-13225. Plaintiff appealed the approval. See *Lansing Mayor v Pub Service Comm*, 257 Mich App 1; 666 NW2d 298 (2003) (*Lansing Mayor I*).

On appeal, plaintiff argued that Wolverine was required by Const 1963, art 7, § 29 and MCL 247.183(1) to obtain plaintiff's consent before it could submit an application for approval of the proposed pipeline to the PSC. *Lansing Mayor I, supra* at 8. The Court determined in *Lansing Mayor I* that, under MCL 247.183, Wolverine was required to obtain plaintiff's consent, but did not have to obtain the consent before it could file its application with the PSC. *Id.* at 8-16. On further appeal, our Supreme Court likewise concluded that MCL 247.183 required Wolverine to obtain plaintiff's consent, but Wolverine did not need to obtain the consent before submitting its application to the PSC. *Lansing Mayor v Pub Service Comm*, 470 Mich 154; 680 NW2d 840 (2004) (*Lansing Mayor II*).

After these decisions, the Legislature amended MCL 247.183 to remove the consent requirement. See 2005 PA 103. As amended, MCL 247.183 provides, in relevant part:

(1) *Except as otherwise provided under subsection (2), telegraph,* telephone, power, and other public utility companies, cable television companies, and municipalities may enter upon, construct, and maintain telegraph, telephone, or power lines, pipe lines, wires, cables, poles, conduits, sewers or similar structures upon, over, across, or under any public road, bridge, street, or public place, including, longitudinally within limited access highway rights-of-way, and across or under any of the waters in this state, with all necessary erections and fixtures for that purpose. A tele-

graph, telephone, power, and other public utility company, cable television company, and municipality, before any of this work is commenced, shall first obtain the consent of the governing body of the city, village, or township through or along which these lines and poles are to be constructed and maintained.

(2) A utility as defined in 23 CFR 645.105(m) may enter upon, construct, and maintain utility lines and structures, *including pipe lines,* longitudinally within limited access highway rights-of-way *and under any public road, street, or other subsurface that intersects any limited access highway at a different grade,* in accordance with standards approved by the state transportation commission *and the Michigan public service commission* that conform to governing federal laws and regulations *and is not required to obtain the consent of the governing body of the city, village, or township as required under subsection (1).* [Emphasis added to show changes made by 2005 PA 103.]

In July 2005, plaintiff initiated the present suit for declaratory relief. In the complaint, plaintiff sought a declaration that 2005 PA 103 was unconstitutional. Specifically, plaintiff contended that MCL 247.183, as amended by 2005 PA 103, purports to permit Wolverine to construct the pipeline using plaintiff's streets without obtaining the consent required by Const 1963, art 7, § 29. Because the statute cannot dispense with the consent requirement imposed by Const 1963, art 7, § 29, plaintiff further argued, MCL 247.183, as amended by 2005 PA 103, is unconstitutional. In addition to the declaration that MCL 247.183 is unconstitutional, plaintiff asked the trial court to enjoin Wolverine from using plaintiff's streets for the construction of the pipeline without plaintiff's consent. Each party filed a motion for summary disposition. After hearing oral arguments, the trial court determined that, under Const 1963, art 7, § 22, the Legislature was empowered to eliminate the consent requirements imposed by

Const 1963, art 7, § 29. For that reason, the trial court entered an order granting summary disposition in favor of defendants and dismissing plaintiff's complaint with prejudice.

Plaintiff then moved to amend its complaint to seek a declaration that the amended statute eliminates a city's statutory right to withhold consent, but leaves a city's constitutional right to withhold consent undisturbed. Plaintiff argued that, if this interpretation of the amended statute were adopted, the statute would not conflict with Const 1963, art 7, § 29. Alternatively, plaintiff moved for reconsideration of the order granting summary disposition. After hearing oral arguments, the trial court entered an order denying plaintiff's motion.[1]

This appeal followed.

## II. AVOIDING THE CONSTITUTIONAL QUESTION

We shall first address plaintiff's argument that the trial court erred when it broadly interpreted MCL 247.183(2) to remove the need for qualified utilities to obtain the consent otherwise required by Const 1963, art 7, § 29. Plaintiff contends that the trial court should have strictly construed the statute to apply only to the consent required by MCL 247.183(1) in order to avoid having to consider the constitutionality of the statute. We disagree.

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *State Farm Fire & Cas Co v Corby Energy Services, Inc*, 271 Mich App 480, 482; 722 NW2d 906 (2006). "Issues of constitutional and statutory construction are questions of law that are

---

[1] The propriety of this order is not now before this Court.

also reviewed de novo." *City of Taylor v Detroit Edison Co*, 475 Mich 109, 115; 715 NW2d 28 (2006).

Although courts should not decide constitutional issues if the case can be decided on nonconstitutional grounds, see *People v Riley*, 465 Mich 442, 447; 636 NW2d 514 (2001), this is not a rule of statutory construction. Rather, an unambiguous statute must be enforced as written. *Lansing Mayor II, supra* at 157. MCL 247.183(2) unambiguously provides that a qualified utility "may enter upon, construct, and maintain utility lines and structures, including pipe lines, longitudinally within limited access highway rights-of-way and under any public road, street, or other subsurface that intersects any limited access highway at a different grade . . . ." Although the statute does state that a utility is not required to obtain the consent otherwise required under subsection 1, none of the limits contemplated by subsection 2 includes a requirement that the utility obtain the consent of a local government. Hence, under its plain language, MCL 247.183(2) permits a qualified utility to act without consent of any kind from a local government. Therefore, the trial court properly addressed whether MCL 247.183(2) conflicts with Const 1963, art 7, § 29.

### III. THE CONSTITUTIONALITY OF MCL 247.183

Plaintiff next argues that, under Const 1963, art 7, § 29, municipalities have the absolute right to refuse to consent to the use of their streets by utilities. For this reason, plaintiff further argues, to the extent that MCL 247.183(2) can be read to deprive municipalities of that right, it is unconstitutional. Therefore, plaintiff concludes, the trial court erred when it determined that, under the terms of MCL 247.183(2), Wolverine was not required to obtain plaintiff's consent in order to use the streets at issue for its pipeline. We disagree.

When interpreting the constitution, this Court's primary task is to give effect to the common understanding of the text. *Lapeer Co Clerk v Lapeer Circuit Court*, 469 Mich 146, 155; 665 NW2d 452 (2003). "This Court typically discerns the common understanding of constitutional text by applying each term's plain meaning at the time of ratification." *Wayne Co v Hathcock*, 471 Mich 445, 468-469; 684 NW2d 765 (2004). However, if technical or legal terms of art are employed, we will construe those terms in their technical, legal sense. *Id.* at 469.

"Article 7 of the Constitution of 1963 enumerates the general authority and limits on the authority of local governments, such as counties, townships, cities, and villages." *City of Taylor, supra* at 115. Local governments generally derive their authority from the Legislature. *Id.*, citing Const 1963, art 7, §§ 1, 17, and 21. However, "the Constitution reserves to local governments certain authorities." *City of Taylor, supra* at 116. One such reservation is found under Const 1963, art 7, § 29, which provides:

> No person, partnership, association or corporation, public or private, operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any county, township, city or village for wires, poles, pipes, tracks, conduits or other utility facilities, without the consent of the duly constituted authority of the county, township, city or village; or to transact local business therein without first obtaining a franchise from the township, city or village. Except as otherwise provided in this constitution the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government.[2]

---

[2] A substantially similar constitutional provision first appeared in Const 1908, art 8, § 28.

From a plain reading, it is clear that § 29 addresses three distinct areas. First, the "consent" clause of § 29 prohibits the use of "the highways, streets, alleys or other public places of any county, township, city or village" by utilities for their facilities without the consent of the county, township, city, or village. Second, the "franchise" clause prohibits a utility from transacting local business without first obtaining a franchise from the township, city, or village. Third, the "reasonable control" clause reserves the right of reasonable control of highways, streets, alleys, and public places to counties, townships, cities, and villages. See *TCG Detroit v City of Dearborn*, 261 Mich App 69, 79, 94-97; 680 NW2d 24 (2004) (noting that there are three distinct clauses within § 29 and holding that the city's *implied* power to charge a fee *as a condition of consent* is subject to state law). At issue in this case is the extent of the authority granted under the consent clause.[3]

---

[3] We reject Wolverine's contention that the limitations placed on the general reservation of authority found in the second sentence of § 29 apply to the first two clauses of the first sentence. The first sentence limits the activities of utilities by granting local governments the power to grant or withhold a franchise and to grant or withhold consent to use the highways, streets, alleys, or other public places. This is in stark contrast to the broadly worded *reservation* of authority to regulate highways, streets, alleys, and other public places provided in the second sentence. In construing Const 1908, art 8, § 28, our Supreme Court noted that the section, when read as a whole, accomplished two things: "[P]ublic utilities were placed under control of the local authorities, and the local authorities may control within reason the use of their streets for any purposes whatsoever not inconsistent with the State law." *People v McGraw*, 184 Mich 233, 238; 150 NW 836 (1915). Hence, these grants of authority are distinct, and the limitations applicable to the reservation of authority to regulate highways, streets, alleys, and other public places do not necessarily apply to the other clauses. For this reason, we find the authorities discussing the general reservation of reasonable control over highways, streets, alleys, and other public places inapposite. See, e.g., *City of Taylor, supra* at 116 (examining that section of Const 1963, art 7,

Although the consent clause is framed as a limitation on the activities of utilities, it is in effect a grant of authority to local units of government. See *People v McGraw*, 184 Mich 233, 238; 150 NW 836 (1915) (stating that this section placed utilities under the control of the local authorities). Hence, under the consent clause of § 29, a county, township, city, or village has the authority to grant or withhold consent for a utility to use the highways, streets, alleys, or other public places within the county, township, city, or village for the placement of the utility's facilities. See *TCG Detroit, supra* at 97 ("Here, what is expressly granted is the right to grant or withhold consent."). Notwithstanding the consent clause of § 29, the Legislature has provided that qualified utilities do not need to obtain the consent of local governments in order to enter upon, construct, and maintain utility lines and structures longitudinally within limited access highway rights-of-way and under any public roads, streets, or other subsurfaces that intersect a limited access highway at a different grade. MCL 247.183(2). Hence, MCL 247.183(2) appears to directly conflict with § 29.

Although § 29 purports to grant cities, such as plaintiff, the absolute authority to grant or withhold consent to a utility to use its highways, streets, alleys, or other public places for the placement of facilities, our Supreme Court has stated that consent cannot be "refused arbitrarily and unreasonably . . . ." See *Union Twp v Mt Pleasant*, 381 Mich 82, 90; 158 NW2d 905 (1968). Hence, the grant of authority is not absolute. Further, § 29 does not specify the manner by which consent is to

§ 29 that *reserved* authority to exercise reasonable control over the enumerated areas—highways, streets, alleys, and other public places—to local units of government).

be granted or withheld. In order to give effect to this provision, a city must exercise its authority to grant or withhold consent through its general power to adopt resolutions and ordinances relating to its municipal concerns.[4] Under Const 1963, art 7, § 22, each city and village is granted the "power to adopt resolutions and ordinances relating to its municipal concerns, property and government, subject to the constitution and law." Because a city's general authority to adopt resolutions and ordinances is subject to the constitution and law, and a city's authority to grant or withhold consent to use its highways, streets, alleys, and other public places can only be exercised through an ordinance or resolution, it follows that a city's ability to grant or withhold consent is also subject to the constitution and laws. Consequently, when Const 1963, art 7, §§ 22 and 29 are read in conjunction, the Legislature has the authority to limit the manner and circumstances under which a city may grant or withhold consent under § 29.

Because MCL 247.183(2) merely limits a local government's authority to grant or withhold consent to the use of a narrow class of public property by a specific type of utility, it is a proper exercise of the Legislature's authority to limit the manner and circumstances under

---

[4] Because the local government must exercise its authority through the passage of ordinances or resolutions, as was done by plaintiff, this provision is not self-executing. See *Ferency v Secretary of State*, 409 Mich 569, 590-591; 297 NW2d 544 (1980); *Hamilton v Secretary of State*, 227 Mich 111, 116-117; 198 NW 843 (1924) (FELLOWS, J., dissenting). Likewise, because there is no conflict between these provisions, we reject plaintiff's argument that the more specific provisions of § 29 take precedence over the more general provisions of § 22. See *Advisory Opinion on Constitutionality of 1978 PA 426*, 403 Mich 631, 639; 272 NW2d 495 (1978) ("When there is conflict between general and specific provisions in a constitution, the specific provision must control.").

which a city may grant or withhold consent under § 29. Therefore, MCL 247.183, as amended by 2005 PA 103, is not unconstitutional.[5]

The trial court did not err when it concluded that MCL 247.183 did not unconstitutionally limit the authority to grant or withhold consent under Const 1963, art 7, § 29.

Affirmed.

---

[5] We note that MCL 247.183(2), as amended by 2005 PA 103, applies only to a subset of utilities that seek to use a specific type of public property. Hence, this case does not involve an attempt to deprive cities of all authority to grant or withhold consent to utilities to use the cities' highways, streets, alleys, or other public places. See *McGraw, supra* at 238-239 (holding that a statute that purported to "take away from the cities *all control* of their highways with reference to the use thereof by motor vehicles" was unconstitutional under the predecessor of the third clause of § 29).