*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SALEM SPRINGS SE, LLC,

Plaintiff-Appellant,

v

SUPERIOR CHARTER TOWNSHIP, ALEX
WILLIAMS, LYNETTE FINDLEY, KENNETH
SCHWARTZ, BRENDA L., MCKINNEY, NANCY
CAVISTON, MEGHAN MCFARLANE
WINSLOW, and LISA A. LEWIS,

Defendant/Cross-Defendants-
Appellees,

and

SALEM TOWNSHIP,

Defendant/Cross-Plaintiff-Appellant.

UNPUBLISHED
February 9, 2023

No. 357945
Washtenaw Circuit Court
LC No. 20-000649-CH

Before: YATES, P.J., and JANSEN and SERVITTO, JJ.

PER CURIAM.

Plaintiff, Salem Springs SE, LLC ("Salem Springs"), and cross-plaintiff, Salem Township ("the Township"), appeal as of right the trial court's order dismissing the claims of mandamus set forth in their complaint and cross-complaint as moot. The Township also appeals as of right the trial court's dismissal of its claim for declaratory relief as moot in the same order. We affirm the trial court's dismissal of both Salem Springs and Salem Township's mandamus claims, reverse the trial court's dismissal of Salem Township's declaratory claim, and remand for further proceedings not inconsistent with this opinion.

# I. BACKGROUND

Salem Springs owns three vacant parcels of land, totaling approximately 370 acres, in Salem Township. The properties are located in an area of the Township designated as an Urban Service District ("USD") and are zoned Planned Unit Development District ("PUD"). Pursuant to the Township's PUD ordinance, as a condition to any development approval, facilities must be financed and constructed to provide the property with public water and sewer service. Thus, in order for Salem Springs to develop its vacant land, it must have access to wastewater treatment.

After researching options to obtain access to wastewater treatment to its USD (which would include Salem Springs' property), the Township determined that Wayne County and Ypsilanti Community Utilities ("WCYCU") was the only feasible supplier of sewer services. On July 1, 2017, the Township entered into a water transportation and treatment agreement with WCYCU. To connect the Township USD to the WCYCU collection system, the Township sought to construct a sewer line under a road in a Washtenaw County Road Commission right of way which would traverse almost the entirety of Superior Township.

The Superior Township Board of Trustees was aware of the Township's arrangements with WCYCU and, according to Salem Springs, at a May 21, 2018 meeting passed an amendment to its Ordinance 169-85, which governed sewer services, to create new requirements for running sewer lines in rights-of-way within Superior Township that would serve areas outside the township. The revised ordinance read:

> Sewage lines, equipment and appurtenances, not owned by or under the control of the Township, to serve areas outside of the Township, are prohibited in the Township and in all road right[s]-of-way[] within the Township, unless: (a) a public health emergency exists and (b) the proposed connection, sewer line and appurtenances is (sic) the only feasible way to avert the public health emergency and (c) the parties have executed an agreement setting forth the terms of use, fees, limitations and other pertinent issues.

According to Salem Springs, the plain purpose of the amendment was to prevent efforts to connect the Township USD to WCYCU.

Nevertheless, the Township submitted a permit application to construct a sewer line in the Washtenaw County Road Commission's public road right-of-way within Superior Township on September 16, 2019. In the permit, the Township provided statements concerning how it had complied with the applicable constitutional provision, statutes, and ordinance 169-85. According to Salem Springs, Superior Township did not process the application. Superior Township did, however, further amend ordinance 169-85 to require a permit applicant to "deposit funds into an escrow account with the Township in an amount equal to the requirements set forth in the Township's engineering standards, unless a difference (sic) amount is deemed appropriate and reasonable by the Township Board." Although the Township's application pre-dated the ordinance amendment, it offered to enter into an escrow agreement with Superior Township consistent with the amendment. When Superior Township still failed to process the Township's application, on July 10, 2020, Salem Springs filed a complaint against Superior Township, the Superior Township

supervisor, the Superior Township clerk, members of the Superior Township Board of Trustees, (collectively "the Superior Township defendants') and the Township.

Salem Springs' specific causes of action consisted of: (1) violation of substantive due process (against Superior Township only), for which it requested that the trial court enter a judgment declaring ordinance 169-85 invalid and unenforceable; (2) mandamus (against the Superior Township defendants), for which it requested the trial court issue a writ of mandamus compelling the Superior Township clerk to promptly submit the permit application to the Superior Township Board of Trustees, the Superior Township Board of Trustees to promptly process and grant the Application, and Superior Township to promptly issue the requested permit; (3) superintending control (against the Superior Township defendants), for which it requested the trial court issue an order of superintending control compelling the Superior Township Board of Trustees to promptly process and grant the permit application, and; (4) declaratory relief (against the Township only), for which it requested the trial court declare and adjudge that the Township must diligently pursue the processing of the permit application by Superior Township.

The Township filed a cross-complaint against Superior Township and the Superior Township Board of Trustees. The Township alleged that while knowing its need to run an underground sewer line through Superior Township to connect to WCYCU, the Superior Township Board of Trustees made attempts to prevent the Township from doing so by amending ordinance 169-85. The Township alleged that the amendment was not intended to serve a legitimate or reasonable interest of Superior Township, but intended solely and exclusively as an arbitrary and unreasonable response to the need of the Township to extend its sanitary sewer. The Township thus claimed that Superior Township and members of the Superior Township Board of Trustees violated its right to substantive due process and, like Salem Springs, the Township sought mandamus and superintending control. The Township also sought declaratory relief, requesting that the trial court direct that the Superior Township Board of Trustees immediately process and grant the Township's permit application, and determine the Superior Township (cross) defendants have the obligation to grant the Township's application.

Thereafter, Salem Springs and the Township filed a joint ex parte motion for an order to show cause why a writ of mandamus should not enter requiring the Superior Township defendants to process and approve the Township's application. The Superior Township defendants responded that mandamus was unavailable to Salem Springs and the Township under the circumstances of the case, pointing out that the escrow funds required under ordinance 169-85 were not posted until January 2021, and arguing that Superior Township's engineering consultant was currently reviewing the submitted application and engineering plans. The Superior Township defendants also moved for summary disposition on the mandamus claims in the complaint and cross-complaint pursuant to MCR 2.116(I)(2), contending that they had no clear legal duty to Salem Springs and the Township, that their decisions are discretionary, and that Salem Springs and the Township had adequate legal remedies (namely their due process claims).

At the hearing on the motion, the trial court determined that the best course of action would be to require the Superior Township defendants to act on the Township's application, preferably by April 23, 2021. The trial court ensured that the parties were aware it was expressing no opinion on whether Superior Township should grant or deny the application; just that it should decide on the application so it did not languish any longer. The trial court stated it would not be issuing an

order, but would instead adjourn the motion hearing until the application was decided upon. Superior Township denied the Township's application prior to April 23, 2021, after which the parties filed supplemental briefs. At the adjourned hearing on Salem Springs' and the Township's joint motion to show cause, the trial court stated that because the Superior Township Board of Trustees had recently processed and denied the Township's permit application, "I believe that renders counts 2, 3, and 4 of the plaintiff's complaint and in fact cross-complaint as moot. It appears that the only viable remaining count is count 1 which particularly addresses the validity of the ordinance as to its application under the constitutional authority of the township." The trial court entered an order reflecting the above and denying the motion on the same day. Salem Springs and the Township moved for reconsideration, which the trial court denied, and Superior Township thereafter moved for summary disposition on the remaining claims of substantive due process violation. Before the motion could be heard, however, the trial court entered the parties' stipulated order for dismissal of Salem Springs' and the Township's substantive due process claims with prejudice. This appeal followed.

## II. MANDAMUS

An issue must be raised in or decided by the trial court in order to be preserved for appeal. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Here, the parties presented arguments concerning whether the Superior Township defendants had a duty to consider the application and render a decision on it in a timely manner but Salem Springs and the Township also argued that the application should be granted. The trial court did not rule on whether the Superior Township defendants had such a duty but instead encouraged that a decision be made on the application quickly. When the decision was made, the trial court then sua sponte dismissed the mandamus claims as moot. While issue preservation requirements generally prohibit raising an issue for the first time on appeal, a party need not object to a trial court's finding, decision, or sua sponte acts or omissions. *Id*. at 227-228.

A trial court's decision whether to grant a writ of mandamus is reviewed for an abuse of discretion. *Southfield Ed Ass'n v Bd of Ed of Southfield Pub Sch*, 320 Mich App 353, 378; 909 NW2d 1 (2017). A court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes. *Id*. We review de novo whether a defendant has a clear legal duty to perform and whether a plaintiff has a clear legal right to performance of any such duty. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016).

Whether an issue is moot is a question of law that this Court reviews de novo. *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). We also review de novo the interpretation and application of statutes, rules, legal doctrines, *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008), and ordinances. *Soupal v Shady View, Inc*, 469 Mich 458, 462; 672 NW2d 171 (2003).

It is undisputed that as of at least May 2018, the Superior Township defendants were aware that the Township sought to run a sewer line through Superior Township. It is also undisputed that the Township submitted a permit application to Superior Township on September 16, 2019, and that when Salem Springs filed its complaint on July 10, 2020 and the Township filed its cross-complaint on August 20, 2020, Superior Township had not processed the permit application. Finally, there is no dispute that in the complaint and cross-complaint, the requests for relief on the

mandamus claims were not only for an order directing the Superior Township defendants to process the permit application, but also for an order directing that they *grant* the permit application. Left for resolution, then, is whether the trial court erred in dismissing the mandamus claims as moot without addressing the second part of Salem Springs' and the Township's requests for relief and whether the trial court generally erred in dismissing the mandamus claims where, as claimed by Salem Springs and the Township, they had demonstrated that the permit application should have been granted.

We first note that while Salem Springs and the Township asserted actions for mandamus in their complaints, the event leading to the trial court's dismissal of those claims was the filing of a joint ex parte *motion for an order* to show cause why a writ of mandamus should not enter. These are two different things. As stated in MCR 3.305(A)(2), an action for mandamus is brought in the circuit court, unless brought against a state officer. "The court may hear the matter or may allow the issues to be tried by a jury." MCR 3.305(F). But, "[o]n ex parte motion and a showing of the necessity for immediate action, the court may issue an order to show cause." MCR 3.305(C).

It is true that in response to the motion, the Superior Township defendants requested summary disposition in their favor on the mandamus claims set forth in the complaints, putting the claims for mandamus squarely before the court. However, the trial court specifically stated at the initial scheduled hearing on the motion for an order to show cause that the issue before it was essentially to compel Superior Township to render a decision on the permit application. At the adjourned hearing date on said motion, the trial court then stated, "[M]y read of this is that count 2 of the complaint for, uh, a writ of mandamus is now moot because Superior Township did in fact act on the application . . . ." After adjourning the hearing again for further briefing, the trial court ultimately decided:

> at some point in the recent history, Superior Township board processed and denied Plaintiff Salem Springs' application and because of that, as I have just stated, I believe that that renders counts 2, 3, and 4 of the Plaintiff's complaint and in fact cross-complaint as moot. It appears that the only viable remaining count is count 1 which particularly addresses the validity of the ordinance as to its application under the constitutional authority of the township. . . .

The trial court thus based its dismissal decision on the erroneous belief that the only relief Salem Springs and the Township sought with respect to their mandamus claims was to have the Superior Township defendants render a decision on the permit application.

Moreover, as stated by our Supreme Court long ago:

> It is universally understood by the bench and bar . . . that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. The only way a disputed right can ever be made the subject of judicial investigation is, first, to exercise it, and then, having acted, to present a justiciable controversy in such shape that the disputed right can be passed upon in a judicial tribunal, which can

-5-

pronounce the right and has the power to enforce it. [*Anway v Grand Rapids R Co*, 211 Mich 592, 610-11; 179 NW 350 (1920) (citation and quotation marks omitted.)]

That is not the case here. Salem Springs and the Township have presented a controversy, to wit: they believe they have a right to have the Township's permit application approved when Superior Township denied it. The trial court is the appropriate forum to determine whether that is true. Thus "mootness" was not the appropriate basis on which to dismiss the mandamus claims.

As to whether the elements of mandamus had been established, a writ of mandamus is an extraordinary remedy that will only be issued if:

> (1) the party seeking the writ has a clear legal right to the performance of the duty sought to be compelled, (2) the defendant has a clear legal duty to perform the act requested, (3) the act is ministerial, that is, it does not involve discretion or judgement, and (4) no other legal or equitable remedy exists that might achieve the same result. The burden of proving entitlement to a writ of mandamus is on the plaintiff. [*Southfield Ed Ass'n*, 320 Mich App at 378 (quotation marks and citations omitted).]

As to element one, a clear legal right is "one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer,* 308 Mich App 498, 518-519; 866 NW2d 817 (2014), (quoting *Univ Med Affiliates, PC v Wayne Co Executive,* 142 Mich App 135, 143; 369 NW2d 277 (1985)). Further, a plaintiff's clear legal right in the execution of a duty must be more than a right possessed by citizens generally. *Id.* at 519.

Concerning element two, when a public official or public body has a clear legal duty to act and fails to do so, a plaintiff may seek a writ of mandamus from a court of superior jurisdiction to compel the official or body to comply with that duty. *Jones v Dept of Corr*, 468 Mich 646, 658; 664 NW2d 717 (2003). A clear legal duty exists when there is a statute that plainly instructs that agency to perform a certain action. See *Berry*, 316 Mich App at 43-44.

Element three requires that the act sought to be compelled is ministerial. *Southfield Ed. Ass'n*, 320 Mich App at 378. "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Berry*, 316 Mich App at 42, quoting *Hillsdale Co Senior Servs, Inc v Hillsdale Co,* 494 Mich 46, 58 n 11; 832 NW2d 728 (2013).

The final essential element for a writ of mandamus to be issued is the absence of any other legal or equitable remedy. *Southfield Ed Ass'n*, 320 Mich App at 378. "The general rule is that a writ of mandamus is not to be issued where the plaintiff can appeal the error." *Keaton v Village of Beverly Hills*, 202 Mich App 681, 683; 509 NW2d 544 (1993).

"The plaintiff bears the burden of demonstrating entitlement to the extraordinary remedy of a writ of mandamus." *Attorney General v Bd of State Canvassers*, 318 Mich App 242, 249; 896 NW2d 485 (2016) (quotation marks and citation omitted).

In support of elements one and two, a clear legal right on their part and a clear legal duty on the part of the Superior Township defendants, Salem Springs and the Township direct us to Const 1963, art 7, § 29, which states:

> No person, partnership, association or corporation, public or private, operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any county, township, city or village for wires, poles, pipes, tracks, conduits or other utility facilities, without the consent of the duly constituted authority of the county, township, city or village; or to transact local business therein without first obtaining a franchise from the township, city or village. Except as otherwise provided in this constitution the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government.

The above section represents a right specifically reserved to local government authorities—that of "reasonable control" of highways, streets, alleys, and public places to counties, townships, cities, and villages. *City of Lansing v State*, 275 Mich App 423, 431; 737 NW2d 818 (2007).

> Although § 29 purports to grant cities, such as plaintiff, the absolute authority to grant or withhold consent to a utility to use its highways, streets, alleys, or other public places for the placement of facilities, our Supreme Court has stated that consent cannot be "refused arbitrarily and unreasonably...." See *Union Twp v Mt Pleasant*, 381 Mich 82, 90; 158 NW2d 905 (1968). Hence, the grant of authority is not absolute. Further, § 29 does not specify the manner by which consent is to be granted or withheld. In order to give effect to this provision, a city must exercise its authority to grant or withhold consent through its general power to adopt resolutions and ordinances relating to its municipal concerns. [*Id*. at 432-433.]

As previously indicated, and consistent with the above, Superior Township did adopt an ordinance related to its municipal concerns and which was in place at the time the application was submitted. Ordinance 169-85 states:

> Permit or authorization required. It shall be unlawful to discharge to the waters of the state within or through the Township, or in any area under the jurisdiction of such Township and/or to the sewage works, sewerage lines and appurtenances owned by private parties or other entities, private and/or municipal, any wastewater except as provided by an NPDES permit and/or as authorized by the Township and the [WCYCU] in accordance with the provisions of this Ordinance. Sewage lines, equipment and appurtenances, not owned by or under the control of the Township, to serve areas outside of the Township, are prohibited in the Township and in all road right[s]-of-way[] within the Township, unless: (a) a public health emergency exists and (b) the proposed connection, sewer line and appurtenances is (sic) the only feasible way to avert the public health emergency and (c) the parties have executed an agreement setting forth the terms of use, fees, limitations and other pertinent issues.

The Township (and Salem Springs) had a right to have the permit application considered under the standards set forth in the ordinance above, and it was considered under those standards. The Superior Township defendants had a duty to consider the application under the standards adopted in the ordinance above and did so. In its April 20, 2021 denial of the Township's permit application, Superior Township stated:

Salem Township filed an application requesting authority from the Charter Township of Superior to run a sanitary sewer force main within road rights-of-way from the northern boundary of Superior Township to the southern boundary of Superior for a proposed residential development in Salem Township to the [WCYCU] wastewater treatment plant.

The proposed sanitary sewer force main will transport wastewater from the proposed residential development to the [WCYCU] wastewater treatment plan in Ypsilanti Township.

MCL 247.183 provides that before one municipality can construct a sewer line through the road rights-of-way within a second municipality, it shall first obtain the consent of the second municipality.

In the only reported case interpreting this statute Union Township v City of Mt. Pleasant the court held that such consent may not be arbitrarily and unreasonably withheld.

Consistent with the statute and case law Superior Township Ordinance 169, the Utility Ordinance, in Section 169-85 sets forth standards for applying this law. In particular Section 169-85 states that sewer lines to serve areas outside the Township are prohibited unless:

1. a public health emergency exists;

2. the proposed connection, sewer line and appurtenances is the only feasible way to avert the public health emergency and

3. the parties have executed an agreement setting forth the terms of use, fees, limitations and other pertinent issues.

After receiving Salem Township's application, Superior Township had the application reviewed by its engineers OHM and its planners, McKenna, to evaluate whether the application meets the standards set forth in Ordinance 169.

Further on this day, April 20, 2021, at an open meeting, the applicant was provided an opportunity to present its proposal to the Township Board.

MOTION After providing the opportunity for public comments, reviewing the report of its experts and considering the presentation by the applicant, the following motion was offered by Treasurer McKinney and seconded by Trustee McGill:

The application of Salem Township to run a sanitary sewer force main within road rights-of-way from the northern boundary of Superior Township to the southern boundary of Superior for a proposed residential development in Salem Township to the [WCYCU] wastewater treatment plant is denied for the reason that the applicant has not established that it meets the criteria set forth in Section 169-85 of Superior Township Ordinance 169. ln particular, because:

1. There is no public health emergency as set forth in the attached report of OHM,[1]

2. The proposed sewer line is not the only feasible way to avert a public health emergency or the only feasible way to provide sewer services to Salem Township's Urban Service District, and its operation and maintenance issues pose a threat, including but not limited to environmental risks, to Superior Township as set forth in the attached report of OHM; and

3. The existence of the proposed sanitary sewer forced main creates a direct threat to and is inconsistent with Superior Township's Master Plan goal of maintaining the land north of Geddes Road as agricultural/rural/open space as set forth in the attached report of McKenna.[2]

---

[1] The OHM report provided significant analysis and concluded, among other things, that there are concerns about corrosion, maintenance, considerable on-going maintenance along the pipeline route for maintenance and repair and slurry pits being potentially necessary in the area; that "[i]n our opinion, a public health emergency does not apply to the future growth aspect of the Salem USD," and alternative sewer options "appear to be feasible for the Applicant to vet further, we also note an additional option that from an engineering standpoint appears to be feasible and may provide regional benefits across multiple communities/ entities."

[2] McKenna's report indicates that the proposed system was inconsistent with the Superior Township Master Plan and it:

> calls for extension of an 18-inch sanitary forcemain. The forcemain is proposed to travel through sensitive environmental areas north of Ford Road, characterized by the presence of wetlands, streams, woods, and rural open spaces. Between Cherry Hill and Geddes Roads, the forcemain is proposed to travel through vast prime agricultural lands occupied by huge, productive farms.

The report also noted the desire to provide sanitary sewer service to the Salem Township USD is not an emergency:

> This wish has been known for well over a decade, so it certainly cannot be classified as sudden, urgent or unexpected. If there was a public health need that required immediate attention, the Washtenaw County Health Department and Michigan Department of Environment, Great Lakes, and Energy would likely be involved. Even Mr. Whittaker's use of the words "to avoid a public health emergency'

The motion was unanimously passed.

The entirety of the rights of the Township (and Salem Springs) and Superior Township's duty with respect to the permit application have been met. The rest of the claims set forth by the Township and Salem Springs are not actually "rights" and "duties" under a mandamus analysis, but instead concern the factual determination as to whether Superior Township's denial of the application was arbitrary or unreasonable. The trial court specifically reserved a determination on this issue for resolution under the then still-pending due process claims.

Salem Springs and the Township having failed to establish even the first two elements necessary for a mandamus claim, the trial court properly dismissed those claims, albeit for the wrong reason. Briefly addressing the remaining two elements of mandamus for purposes of thoroughness, Salem Springs and the Township have also failed to establish those elements.

Element three requires that the act sought to be compelled is ministerial. *Southfield Ed. Ass'n*, 320 Mich App at 378. "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Berry*, 316 Mich App at 42. Granting or denying the application at issue cannot be deemed ministerial in nature. The Superior Township Board of Trustees must necessarily seek outside information to determine whether the information in a permit application is accurate, and then whether the permit sought in an application meets the requirements set forth in ordinance 169-85. Whether the application establishes that the permit should be issued because (a) a public health emergency exists and (b) the proposed connection, sewer line and appurtenances are the only feasible way to avert the public health emergency and (c) the parties have executed an agreement setting forth the terms of use, fees, limitations and other pertinent issues necessarily involve judgment calls.

The final essential element for a writ of mandamus to be issued is the absence of any other legal or equitable remedy. *Southfield Ed Ass'n*, 320 Mich App at 378. Here, Salem Springs and the Township could have sought to amend their complaints, and/or could have left their substantive due process claims active instead of dismissing them. There was thus an alternative remedy available to them.

In sum, the trial court properly dismissed the mandamus counts, although on incorrect grounds. We may affirm a trial court's decision when it reaches the right result, although the basis for the result is incorrect and we do so here. See, e.g. *People v Miller*, 498 Mich 13, 27; 869 NW2d 204 (2015).

---

acknowledges there is no present emergency in existence. Salem Township's dilemma was created years ago because Urban Service District boundaries were arbitrarily drawn to encompass 1,400 acres around the interchange of Gotfredson Road and M-14 without sufficient forethought as to where the urban services would come from.

## III. DECLARATORY RELIEF

In its cross-claim, the Township brought a claim for declaratory relief,[3] alleging:

65. That Salem Township's Application satisfies the requirements of Superior Township's Ordinance 169-85, and there is no reasonable basis for Superior Township to indefinitely refuse to process and grant the Application.

66. That Salem Township's engineers have prepared the detailed plans and specifications for the sewer main, including that portion of the sewer system traversing Superior Township in the public right-of-way, and these plans and specifications have been reviewed by the MDEQ which has issued a permit and authorized the construction of the wastewater system in Salem Township's USD and through Superior Township to [WCYCU] in Ypsilanti Township.

67. That the Washtenaw County Road Commission has issued an approval letter approving the wastewater system's plans, including that portion of the underground sewer main traversing Superior Township in the public road right-of-way, which is now subject only to Salem Township obtaining a permit from Cross-Defendant, Superior Township.

68. That pursuant to MCL 247.183(1), municipalities, such as Salem Township, may enter upon, construct and maintain sewers or similar structures under any public road, bridge, street or public place within the limited access highway right-of-way with the consent of the governing township through which the sewer lines are to be constructed and maintained.

69. That under Michigan law, Superior Township's consent under MCL 247.183(1) may not be refused arbitrarily and unreasonably. See *Union Township v Mount Pleasant,* 381 Mich 82, 90 (1968).

70. Contrary to MCL 247.183(1), the Superior Defendants have arbitrarily and unreasonably refused to grant or even process Salem Township's Application.

71. That this dispute between Salem Township and Superior Township represents and actual or justiciable controversy, and a present adjudication of this controversy is necessary to guide the parties future conduct.

---

[3] While Salem Springs presented a claim for declaratory relief in its complaint, it did so only as against Salem Township and only to claim that Salem Township had an obligation to diligently pursue to completion the permit application, not merely submit it. Salem Springs does not appeal the dismissal of its declaratory claim.

72. That this Court has the power, pursuant to MCR 2.605, to adjudicate the matter at issue and enter a judgment declaring the rights of the parties to this action.

WHEREFORE, Cross-Plaintiff, Salem Township, respectfully requests that this Honorable Court issue an order of declaratory relief, specifically, that the Superior Township Board of Trustees must immediately process and grant Salem Township's Application, and that the Superior Township Cross-Defendants have the obligation to grant Salem Township's Application, and award Salem Township such other relief, including its costs and attorney fees, as the Court deems appropriate.

Claims for declaratory relief necessarily derive from claims for substantive relief. *Taxpayers Allied for Constitutional Taxation v Wayne Co,* 450 Mich 119, 128; 537 NW2d 596 (1995). Although MCR 2.605 allows a plaintiff to seek a declaratory judgment that remedy must be predicated upon a viable legal theory. *Cary Investments, LLC v City of Mount Pleasant*, __Mich App __; __ NW2d __ (2022). Declaratory relief is a remedy, not a claim. *Mettler Walloon, LLC v Melrose Tp*, 281 Mich App 184, 221; 761 NW2d 293 (2008).

As previously indicated, the trial court did not consider the merits of the Township's claim for declaratory relief, but simply dismissed it as moot, based on its erroneous belief that that the only requested relief was an order directing the Superior Township defendants to process the permit application, which they ultimately did. As can be seen above, however, in its request for declaratory relief, the Township requested that the trial court order the Super Township defendants to grant the permit application because they arbitrarily and unreasonably refused to do so. Lacking a sufficient record on this issue to review, we therefore reverse the trial court's dismissal of the Township's declaratory relief claim as moot and remand to the trial court for further proceedings not inconsistent with this opinion.

We affirm the trial court's dismissal of both Salem Springs' and Salem Township's mandamus claims, reverse the trial court's dismissal of Salem Township's declaratory claim, and remand for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Kathleen Jansen
/s/ Deborah A. Servitto