**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED SEPTEMBER 17, 2002**

BETTY J. JONES,

    Plaintiff-Appellee,

v

No. 119578

ENERTEL, INC., a Michigan
corporation,

    Defendant,

and

CITY OF SOUTH LYON, a municipal
corporation,

    Defendant-Appellant

_____

PER CURIAM

    In this case, plaintiff alleged that she suffered injuries as a result of the failure of defendant city of South Lyon to fulfill its statutory duty under MCL 691.1402(1) to maintain a sidewalk in reasonable repair. The circuit court denied South Lyon's motion for summary disposition, which was premised on the position that it should not be held liable

because the condition of the sidewalk was open and obvious. The Court of Appeals denied South Lyon's interlocutory application for leave to appeal that decision. We affirm the circuit court's denial of the motion for summary disposition because the open and obvious doctrine of common-law premises liability is inapplicable to a claim that a municipality violated its statutory duty to maintain a sidewalk on a public highway in reasonable repair.

I

Plaintiff alleges that she fell on a sidewalk located along a road in South Lyon "due to the hazardous nature of said sidewalk, including broken cement [and] differences in height between the cement slabs" and that she suffered a fracture of her right arm and other injuries as a result. She further asserts that South Lyon failed to properly maintain the sidewalk.

South Lyon moved for summary disposition pursuant to MCR 2.116(C)(10) on the ground that it was not liable because the condition of the sidewalk was open and obvious. The circuit court denied that motion, ruling that it was bound to follow the holding in *Haas v Ionia,* 214 Mich App 361; 543 NW2d 21 (1995), that the open and obvious doctrine cannot bar an action for violation of a municipality's statutory obligation

2

under MCL 691.1402(1) to keep a sidewalk in reasonable repair. Thereafter, South Lyon filed an interlocutory application for leave to appeal the denial of its motion for summary disposition with the Court of Appeals, which denied the application.

## II

We review the resolution of a summary disposition motion de novo. *Roberts v Mecosta Co General Hosp,* 466 Mich 57, 62; 642 NW2d 663 (2002).

## III

MCL 691.1402(1), part of the governmental tort liability act (GTLA), imposes a general duty on municipalities to keep "a highway," including a sidewalk on the highway[1], under its jurisdiction in reasonable repair:

> Except as otherwise provided in section 2a[2] each governmental agency having jurisdiction over a highway *shall maintain the highway in reasonable repair* so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of *failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair* and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [Emphasis added.]

---

[1] The applicable statutory definition of "highway" includes "sidewalks . . . on the highway." MCL 691.1401(e).

3

The emphasized language places a duty on municipalities to maintain their sidewalks on public highways in reasonable *repair.* This means that municipalities have an obligation, if necessary, to actively perform repair work to keep such sidewalks in reasonable repair. This is a greater duty than the duty a premises possessor owes to invitees under common-law premises liability principles. The basic duty owed to an invitee by a premises possessor is "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp,* 464 Mich 512, 516; 629 NW2d 384 (2001). Accordingly, as we discussed in *Lugo,* this duty does not generally require a premises possessor to remove open and obvious conditions because, absent special aspects, such conditions are not unreasonably dangerous precisely because they are open and obvious. However, such reasoning cannot be applied to the statutory duty of a municipality to maintain sidewalks on public highways because the statute requires the sidewalks to be kept in "reasonable repair." The statutory language does not allow a municipality to forego such repairs because the defective condition of a sidewalk is open and obvious. Accordingly, we conclude that the open and obvious doctrine of common-law premises liability cannot bar a claim

4

against a municipality under MCL 691.1402(1).

Moreover, MCL 691.1403, in qualifying the general duty imposed on municipalities to maintain highways, provides:

> No governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place. Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.

This language contemplates that a city may, in appropriate circumstances, be held liable for defects in a highway that are "readily apparent to an ordinarily observant person"—or in other words are open and obvious. Thus, MCL 691.1403 reflects that the Legislature did not intend to allow a municipality to invoke the open and obvious doctrine in this context. Accordingly, MCL 691.1403 reinforces our conclusion that the open and obvious doctrine is inapplicable to a claim that a municipality has violated its duty to maintain a highway (including a sidewalk on a highway).

IV

In arguing that it should be allowed to avail itself of the open and obvious doctrine, South Lyon, in its application for leave to appeal, cites MCL 691.1412, which provides:

5

> Claims under this act are subject to all of the defenses available to claims sounding in tort brought against private persons.

South Lyon argues that, because the open and obvious "defense" is available to private parties, MCL 691.1412 requires that it be allowed to advance that doctrine in this case. We disagree. Assuming for purposes of discussion that MCL 691.1412 read in isolation would allow South Lyon to use the open and obvious doctrine as a defense in the present case, we conclude that MCL 691.1412 would have to yield to the more specific statutory duty to maintain highways in reasonable repair under MCL 691.1402(1). "[W]here a statute contains a general provision and a specific provision, the specific provision controls." *Gebhardt v O'Rourke,* 444 Mich 535, 542-543; 510 NW2d 900 (1994). As discussed in the previous section, MCL 691.1402(1) imposes a duty on municipalities specific to maintaining highways (including sidewalks on highways) in reasonable repair. In contrast, MCL 691.1412 applies generally to all claims under the GTLA. Thus, the specific provisions of MCL 691.1402(1) prevail over any arguable inconsistency with the more general rule of MCL 691.1412.

V

For these reasons, we affirm the circuit court denial of

6

the motion for summary disposition.

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.