# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 7, 2008

134213 & (69)

CITY OF LANSING,
          Plaintiff-Appellant,

v

STATE OF MICHIGAN and WOLVERINE
PIPE LINE COMPANY,
          Defendants-Appellees.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134213
COA: 272927
Ingham CC: 05-000918-CZ

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the May 8, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

WEAVER, J., would direct that oral argument be heard on the application for leave to appeal.

MARKMAN, J., dissents and states as follows:

I would grant leave to appeal. Defendant builder is attempting to construct a pipeline under several streets in plaintiff city. The Court of Appeals held that plaintiff's consent to this project was not required under MCL 247.183(2), and that Const 1963, art 7, § 29 did not necessitate a different result. *City of Lansing v Michigan*, 275 Mich App 423 (2007).

At issue is whether MCL 247.183(2) is consistent with the first sentence of Const 1963, art 7, § 29. MCL 247.183(2) states that, under the circumstances present here, a utility company "is not required to obtain the consent" of the affected city. However, the first sentence of art 7, § 29 states that a utility does not "have the right to the use of the highways [or] streets" of any city "without the consent" of that city. Also relevant is the second sentence of art 7, § 29, which states that a city possesses a right of "reasonable control" over its streets "[e]xcept as otherwise provided in this constitution."

The first sentence of the constitutional provision grants to cities the unqualified authority to refuse consent to utility projects, whereas the grant of "reasonable control" over city streets is qualified. This lack of qualification in the first sentence must be considered in light of the express qualification in the very next sentence. Read together, the difference between these grants of authority arguably gives rise to an inference that a city's right to withhold consent to a utility project cannot be defeated by other constitutional provisions in the same fashion as a city's right of "reasonable control."

When construing two constitutional provisions, this Court must give "proper meaning and effect to both." *In re Request for Advisory Opinion*, 479 Mich 1, 35 n 90 (2007). The specific right in the first sentence of art 7, § 29, to refuse consent to utility projects, fits logically within the city's general right in the second sentence to exercise "reasonable control" over its streets. Therefore, to give meaning and effect to both sentences, it may be inferred that there is some difference in terms of the Legislature's authority to overrule the city with regard to its exercise of the more specific right in comparison with its exercise of the more general right. However, the Court of Appeals renders these rights indistinguishable in terms of the Legislature's overruling authority, treating the specific right to refuse consent in an identical manner as the general right of "reasonable control." Thus, the Court of Appeals arguably gives no effect at all to the first sentence of art 7, § 29.

Of course, the specific right of cities to refuse consent to utility projects may be limited by another constitutional provision. In this regard, the Court of Appeals relied on Const 1963, art 7, § 22, which states that a city may enact resolutions and ordinances "subject to the constitution and law." However, this begs the question of to *which* parts of the constitution and *which* laws are the city's actions properly subject. At least arguably, the specific grant of constitutional authority to cities to refuse consent to utility projects must control over the more general authority granted to the Legislature in art 7, § 22. See *Jones v Enertel*, 467 Mich 266, 271 (2002) ("[S]pecific provisions . . . prevail over any arguable inconsistency with the more general rule.").

I am cognizant of arguments concerning the wisdom of a single community being allowed to effectively veto a utility project designed to benefit many communities in Michigan. However, while some may wish to avoid facilitating such an anomalous result, the first obligation of this Court is to faithfully maintain our constitution. Plaintiff's arguments are not frivolous and merit full consideration by this Court so that the rights of cities under our constitution may be clearly understood.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 7, 2008

d0304

Clerk