*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PETRA PIKE formerly known as PETRA HANRAHAN,

        Plaintiff-Appellant,

v

NORTHERN MICHIGAN UNIVERSITY and PETER BOSMA,

        Defendant-Appellees.

FOR PUBLICATION
April 25, 2019
9:05 a.m.

No. 344083
Court of Claims
LC No. 17-000312-MZ

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

CAVANAGH, J.

In this negligence action, plaintiff appeals as of right an order of the Court of Claims granting summary disposition to defendants, Northern Michigan University (NMU) and Peter Bosma, under MCR 2.116(C)(7) on the basis of governmental immunity. We affirm as to NMU, but reverse as to Bosma and remand for further proceedings.

NMU is a public university in the Michigan university system, primarily located in Marquette. One of the buildings on NMU's campus in Marquette is the Physical Education and Instructional Facility (the Facility). Bosma was an instructor employed by NMU and taught a class designated as RE 251, called Adventure Activities, in which plaintiff was enrolled.

During class on April 23, 2015, Bosma instructed his students to use a rock-climbing wall. Students were paired up and required to work together, with one student attempting to climb the rock wall while blindfolded, relying solely on verbal instructions provided by the other student who remained on the ground. Students climbing the rock wall were not provided any training or safety equipment, such as a helmet or harness. Plaintiff was paired with another student and designated the climber. Plaintiff was allegedly given poor instructions by her partner on the ground and fell from near the rock wall's top, striking her head and body on the ground.

A notice of intent (NOI) to file a claim against NMU dated August 21, 2015 was mailed to the president of NMU and the Court of Claims. Only plaintiff's attorney signed the NOI. The NOI was filed with the Court of Claims on August 24, 2015.

On December 1, 2017, plaintiff filed her complaint, alleging negligence against NMU under the public building exception to governmental immunity, MCL 691.1406, and gross negligence against Bosma, as well as NMU via vicarious liability, under MCL 691.1407(2).

In March 2018, defendants filed a motion for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's NOI was insufficient because MCL 600.6431(1) required her to file an NOI "signed and verified by the claimant;" thus, her claims must be dismissed. Further, the Court of Claims did not have jurisdiction over Bosma because he was an instructor, not a "state officer;" thus, he was entitled to summary dismissal under MCR 2.116(C)(1).

Plaintiff responded to defendant's motion for summary disposition, arguing that the requirements of MCL 600.6431(1) did not apply because her claim against NMU was brought under MCL 691.1406 which sets forth the applicable notice requirements and those requirements were satisfied. Notice was timely served by mail on NMU's president as required by MCL 691.1406, and this notice also constituted notice to the State of Michigan in the manner specified by MCL 691.1404, as prescribed by MCL 691.1406. Further, as clearly stated in MCL 600.6419(7), the Court of Claims had jurisdiction over Bosma who was an employee of the state.

Defendants filed a reply brief, arguing that MCL 691.1404 required plaintiff to file her NOI with the Court of Claims within 120 days from the date of the incident. But plaintiff admitted in her complaint that her NOI was filed with the Court of Claims on August 24, 2015, which was three days too late; 120 days from April 23, 2015 was August 21, 2015. Thus, as explained in *Goodhue v Dep't of Transp*, 319 Mich App 526; 904 NW2d 203 (2017), notice was deficient and the case must be dismissed.

On April 24, 2018, the Court of Claims granted defendants' motion for summary disposition under MCR 2.116(C)(7), concluding that plaintiff failed to comply with MCL 691.1404 because her NOI was filed with the Court of Claims more than 120 days after the injury occurred. Notice of this action against the state had to be filed with the clerk of the Court of Claims within 120 days of the incident. The Court of Claims noted that, although plaintiff did not present any argument as to whether her gross negligence claim against NMU should also be dismissed for failure to comply with the 120-day notice requirement, in light of the overlap of the allegations, dismissal was proper for failure to provide the requisite notice. Further, the Court of Claims dismissed plaintiff's gross negligence claim against Bosma because plaintiff failed "to satisfy MCL 600.6431's signature and verification requirements as to that count." The Court rejected defendants' argument that it lacked jurisdiction over Bosma as "entirely without merit" in light of MCL 600.6419(7); he was an employee of NMU.

Plaintiff filed a motion for reconsideration, conceding that her NOI had not been "filed" with the Court of Claims by August 21, 2015, but asserting that MCL 691.1406 and MCL 691.1404 only required that the notice be "served" on the responsible agency, i.e., NMU, within 120 days and it was so served by mail. Further, no notice of any kind was required to maintain a claim against Bosma because MCL 600.6431 only applies to claims "against the state" and Bosma is not "the state." Thus, summary disposition was improper as to plaintiff's claim against Bosma. The Court of Claims denied the motion for reconsideration. Plaintiff now appeals.

Plaintiff argues that NMU was not entitled to summary disposition because she complied with the notice requirements set forth in MCL 691.1404, as prescribed by MCL 691.1406, which was sufficient to constitute compliance with MCL 600.6431. We disagree.

This Court reviews de novo a trial court's grant of summary disposition, as well as the "applicability of governmental immunity and the statutory exceptions to immunity . . . ." *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). Summary disposition under MCR 2.116(C)(7) is appropriate if a claim is barred because of immunity granted by law. *Id.* "The contents of the complaint must be accepted as true unless contradicted by the documentary evidence." *Id.* Any documentary evidence is viewed in the light most favorable to the nonmoving party. *Id.* A factual dispute about whether a plaintiff's claim is barred precludes summary disposition. *Id.* If there is no factual dispute, a trial court must determine whether summary disposition is appropriate under MCR 2.116(C)(7) as a matter of law. *Id.* (citation omitted). We also consider de novo issues of statutory interpretation. *Goodhue*, 319 Mich App at 530.

The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, generally provides immunity from tort liability to a "governmental agency" if the agency "is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). A "governmental agency" is defined by the act to include "this state or a political subdivision." MCL 691.1401(a). And "state" is defined to include this state and its agencies and departments, as well as a public university or state college. MCL 691.1401(g). Because NMU is a state university, it is generally entitled to tort immunity.

There are several exceptions to the broad grant of immunity and one such exception is the public-building exception, MCL 691.1406. *Goodhue*, 319 Mich App at 531. Under the public-building exception, a governmental agency may be "liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building" under certain circumstances. MCL 691.1406. Consistent with the fact that "the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed." *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012). A condition for recovery under the public-building exception, MCL 691.1406, is the provision of notice as follows:

> [T]he injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.
>
> The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the responsible governmental agency . . . . Notice to the state of Michigan shall be given as provided in [MCL 691.1404].

MCL 691.1406 states: "Notice to the state of Michigan shall be given as provided in [MCL 691.1404]." Because NMU is a state university, we turn to MCL 691.1404, which also

provides that notice must be served on the governmental agency within 120 days from the time of injury caused by a defective highway, MCL 691.1404(1), and:

> In case of the state, such notice shall be filed in triplicate with the clerk of the court of claims. Filing of such notice shall constitute compliance with section 6431 of Act No. 236 of the Public Acts of 1961, being section 600.6431 of the Compiled Laws of 1948, requiring the filing of notice of intention to file a claim against the state. [MCL 691.1404(2).]

However, MCL 600.6431 of the Court of Claims Act states that no claim for property damage or personal injuries may be maintained "against the state" unless the claimant files with the clerk of the Court of Claims "a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action." MCL 600.6431(1) and (3). In other words, rather than the 120-day notice requirements set forth in MCL 691.1404 and MCL 691.1406, the Court of Claims Act, MCL 600.6431, only requires notice within six months of the injury-causing incident.

In *Goodhue*, this Court held that the requisite notice of claims made under the defective highway and the public-building exceptions must be filed with the clerk of the Court of Claims within 120 days of the injury-causing incident. *Goodhue*, 319 Mich App at 535-536. The plaintiff in *Goodhue* had argued that MCL 600.6431 stated that he had six months from the time of his injury to file his notice in the Court of Claims and, thus, his notice was timely filed. *Id*. The *Goodhue* Court rejected the plaintiff's argument, holding that the timing requirements set forth in MCL 600.6431 were not incorporated into MCL 691.1404(2). *Id*. at 536. Accordingly, the plaintiff had to file the requisite notice in the Court of Claims within 120 days from the time the injury occurred and, because he did not, his claims were barred by governmental immunity and properly dismissed under MCR 2.116(C)(7). *Id*. at 537.

Here, plaintiff makes the same argument as the plaintiff in *Goodhue*, distinguishing between the 120-day notice requirements set forth in MCL 691.1404 and MCL 691.1406, and the six-month notice requirement set forth in MCL 600.6431(3). But we are bound to follow this Court's published precedent. MCR 7.215(C)(2). Further, it is a well-established rule of statutory construction that when two applicable statutory provisions conflict the one that is more specific to the subject matter prevails over the provision that is only generally applicable. *Miller v Allstate Ins Co*, 481 Mich 601, 613; 751 NW2d 463 (2008), quoting *Jones v Enertel, Inc*, 467 Mich 266, 271; 650 NW2d 334 (2002). Because plaintiff's claim arises under the public-building exception to governmental immunity, the notice provisions in MCL 691.1404 and MCL 691.1406 are more specific to the subject matter and prevail over the notice provision in MCL 600.6431 that is only generally applicable to claims against the state. See *Jones*, 467 Mich at 271. Accordingly, as the Court of Claims concluded, plaintiff's failure to file her NOI in the Court of Claims within 120 days of sustaining her injuries is fatal to her claim and, as in the case of *Goodhue*, summary dismissal was warranted under MCR 2.116(C)(7).

Next, plaintiff argues that defendant Bosma was not entitled to summary disposition under MCL 2.116(C)(7) for failure to comply with MCL 600.6431 of the Court of Claims Act because the requirements of that notice statute do not apply to state employees. We agree.

-4-

The Court of Claims has exclusive jurisdiction over all claims and demands "against the state or any of its departments or officers . . . ." MCL 600.6419(1)(a). MCL 600.6419(7) provides:

> As used in this section, "the state or any of its departments or officers" means this state or any state governing, legislative, or judicial body, department, commission, board, institution, arm, or agency of the state, or an officer, employee, or volunteer of this state or any governing, legislative, or judicial body, department, commission, board, institution, arm, or agency of this state, acting, or who reasonably believes that he or she is acting, within the scope of his or her authority while engaged in or discharging a government function in the course of his or her duties.

Because Bosma was a state employee, the Court of Claims had jurisdiction over this claim "against the state or any of its departments or officers."

As discussed above, under MCL 600.6431 of the Court of Claims Act, no claim for personal injuries may be maintained against "the state" unless timely notice is filed. Specifically, MCL 600.6431 states, in relevant part:

> (1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies . . . which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.
>
> (2) Such claim or notice shall designate any department, commission, board, institution, arm or agency of the state involved in connection with such claim, and a copy of such claim or notice shall be furnished to the clerk at the time of the filing of the original for transmittal to the attorney general and to each of the departments, commission, boards, institutions, arms or agencies designated.
>
> (3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

The Court of Claims dismissed plaintiff's gross negligence claim against Bosma for failure to comply with MCL 600.6431(1); specifically, the signature and verification requirements. MCL 600.6431(1) states that the claim or notice "shall be signed and verified by the claimant before an officer authorized to administer oaths." Plaintiff admits that her notice was not signed and verified, but argues that the claim against Bosma was not required to be signed and verified because MCL 600.6431 only applies to claims made against "the state." Plaintiff contends that "the state" is not defined in the Court of Claims Act, MCL 600.6401 *et seq.*, and therefore, its general definition, which would not include Bosma, should be used.

Plaintiff is correct that MCL 600.6431(1) expressly addresses maintaining a claim against "the state," *not* against the "the state or any of its departments or officers" which is defined to include employees but only with respect to "this section," i.e., the jurisdiction statute, MCL 600.6419—not the entire Court of Claims Act. In other words, "the state or any of its departments or officers" is a specifically defined term but, as denoted by the words "[a]s used in this section," the definition only applies to the term as used in the statute that confers jurisdiction on the Court of Claims, Section 6419, i.e., MCL 600.6419. Even the second reference in MCL 600.6431(1) is only to "the state or any of its departments, commissions, boards, institutions, arms or agencies." Noticeably absent in the notice statute is any reference to officers, employees, members, volunteers, or other individuals.

The rules of statutory interpretation are well established. Our primary goal when interpreting a statute is to discern the legislative intent and the specific language used is the most reliable evidence of its intent. *McCahan*, 492 Mich at 736 (citation omitted). Thus, when the language of a statute is unambiguous, no judicial construction is permitted and the statute must be enforced as written in accordance with the plain and ordinary meaning of its words. *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 196; 694 NW2d 544 (2005), quoting *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). Further,

> [w]hen the Legislature uses different words, the words are generally intended to connote different meanings. Simply put, "the use of different terms within similar statutes generally implies that different meanings were intended." 2A Singer & Singer, Sutherland Statutory Construction, (7th ed), § 46:6, p 252. If the Legislature had intended the same meaning in both statutory provisions, it would have used the same word. [*United States Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n* (*On Rehearing*), 484 Mich 1, 14; 795 NW2d 101 (2009).]

Thus, the rules of statutory construction generally require this Court to infer that the Legislature intended to refer to three separate entities when it referenced 1) "the state," 2) "the state and any of its departments or officers," and 3) "the state or any of its departments, commissions, boards, institutions, arms or agencies." This interpretation is reinforced by considering subsection (1) and subsection (2) of MCL 691.6431 together. Like subsection (1), subsection (2) refers to "any department, commission, board, institution, arm or agency of the state . . . ." Subsection (2) also contains no references to any term that implies individual state actors. Moreover, these governmental groups are referred to as being "of the state," not "the state." Our interpretation is also supported by the Legislature's use of the disjunctive word "or" with regard to the filing of a written "notice of intention to file a claim against the state *or* any of its departments, commissions, boards, institutions, arms, or agencies . . . ." MCL 600.6431(1) (emphasis added). "The Legislature's use of the disjunctive word 'or' indicates an alternative or choice between two things." *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 209; 895 NW2d 490 (2017) (quotation marks and citation omitted). By referencing first "the state" and then its various subdivisions, the Legislature clearly intended that a claim against "the state" be something different than a claim against a department, commission, board, institution, arm, or agency of the state. And, as noted above, there are no references anywhere in MCL 600.6431 to claims against individuals.

While it may be a logical argument that plaintiff's gross negligence claim should be deemed a claim against "the state" to which MCL 600.6431 applies, we are not permitted to revise an unambiguous statute under the guise of interpretation to achieve a "logical" result. See *Lotoszinski v State Farm Mut Auto Ins Co*, 417 Mich 1, 10; 331 NW2d 467 (1982). In other words, "[a] court must not judicially legislate by adding into a statute provisions that the Legislature did not include." *In re Wayne Co Prosecutor*, 232 Mich App 482, 486; 591 NW2d 359 (1998), citing *Empire Iron Mining Partnership v Orhanen*, 455 Mich 410, 421; 565 NW2d 844 (1997). The wisdom of a statute is a matter for the Legislature and the law must be enforced by a court as written. *Johnson v Recca*, 492 Mich 169, 187; 821 NW2d 520 (2012).

The Legislature could have, but did not, use the defined term "the state or any of its departments or officers" *anywhere* in MCL 600.6431. Therefore, this Court must assume that, by electing to use a different term, the Legislature did not intend to refer to the entities and people included in the MCL 600.6419(7) definition. See *United States Fidelity*, 484 Mich at 14. And, again, MCL 600.6419(7) specifically states that the definition of "the state or any of its departments or officers" only applies to "this section," i.e., the jurisdiction statute: it does not state that it applies to "this *act*," i.e., the entire Court of Claims Act. Although it may seem improbable that the Legislature intended MCL 600.6431 to only apply to claims against "The State of Michigan," "[i]f this is not what the Legislature intended by its use of different terms in the two provisions, it is up to the Legislature to amend accordingly and it is not a matter for this Court." *Rymal v Baergen*, 262 Mich App 274, 299; 686 NW2d 241 (2004).

Therefore, the requirements of MCL 600.6431 did not apply to the gross negligence claim against Bosma because it was not a claim against "the state." Accordingly, we reverse the order of the Court of Claims granting summary disposition in favor of Bosma. Because plaintiff did not challenge the dismissal of her vicarious liability claim against NMU, we do not consider this matter. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Affirmed in part, reversed in part, and remanded to the Court of Claims for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron